CECIL R. BENNETT, Plaintiff and Respondent, v. AMELIA GOLTZ, herself and as joint tenant survivor to HARRY GOLTZ, Deceased, Defendant and Appellant.

No. 11279.
Submitted May 15, 1967. Decided May 31, 1967.
428 P.2d 1.

Tipp, Hoven & Brault, Missoula, for appellant.
James McCann, Wolf Point, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

In this cause it appears that on October 27, 1961, Harry

Goltz and Amelia Goltz, his wife, as joint tenants with right of survivorship, as purchasers, entered into a contract for deed with Cecil R. Bennett, the seller and plaintiff in this action, under which the purchasers bought certain real property in Wolf Point, Montana. The contract provided that the payments were payable at the Citizens First National Bank of Wolf Point, Montana, and that the seller would pay the 1961 taxes and the purchaser all subsequent taxes. The contract further stated that the seller had executed a warranty deed and deposited it in escrow with the named bank to be delivered when the full payment of the purchase price and interest had been made. The contract contained this provision:

"(8) That in case of the failure of the said parties of the second part to make either of the payments, or interest thereon or any part thereof or perform any of the covenants on their part hereby made and entered into, then the whole of said payments and interest shall, at the election of said first parties, become immediately due and payable, and this contract shall, at the option of the parties of the first part, be forfeited and determined by giving to the said second parties, 60 days notice, in writing, of the intention of the first parties to cancel and determine this contract, setting forth in said notice the amount due upon said contract, and the time and place, when and where payment can be made by said second parties."

On December 21, 1965, K. E. Voss, cashier of the bank, upon the letterhead of the bank, wrote the following letter to the purchasers:

"Citizens First National Bank
Wolf Point, Montana
December 21, 1965

Harry Goltz and Amelia Goltz
Wolf Point, Montana
Dear Mr. & Mrs. Goltz:
Mrs. Bennett was in the Bank last Thursday and asked me to write you informing you that she was canceling the contract

on the lots you purchased from her. According to the contract you have 60 days or until February 21 to make full payment or turn the lots back to her. The balance on the contract including interest to today is $1,712,22 and the interest will accumulate at the rate of 29¢ a day from today until it is paid. Since you haven't made a payment since August and did not pay the taxes (this is the second time Mrs. Bennett has paid taxes on the lot) she insists on all of her money or she will take the property back.

Sincerely yours,<br>
/s/   K. E. Voss<br>
Cashier."

The purchaser doing nothing in response to the letter, on August 9, 1966, plaintiff brought this action to quiet title, in which she alleged that Harry Goltz was deceased and that Amelia Goltz by virtue of the joint tenancy provisions of the contract had succeeded to any interest of her husband; and that the contract had been breached by delinquency in installment payments and non-payment of taxes, that written notice of default had been given and praying that all adverse claims be determined by the court and that it be adjudged that plaintiff was the owner of the premises and that Amelia Goltz had no estate or interest therein.

Thereafter the controversy was submitted to the district court upon an agreed statement of facts and for our purposes here the only additional fact which should be noted is that Amelia Goltz following the mailing of the notice acknowledged receipt of the notice in person to K. E. Voss.

The court found that the notice was sufficient and adequate and in complete and substantial compliance with the purpose and intent of the terms of the contract for deed; that the contract had been breached and that Amelia Goltz had no further right at law or in equity against the property and that the plaintiff was the complete and equitable owner in fee. The court concluded the title should be quieted in the plaintiff. A

decree was made and entered quieting the title and providing that the contract for deed was forfeited, determined and void.

Amelia Goltz appeals and poses the question as to whether or not the notice served upon the purchasers was sufficient to forfeit the contract. It is her contention that while the notice contained a statement of the entire amount due, there is an absence of the time and place when and where the payment could be made and that such notice was not an unequivocal cancellation of the contract.

Referring to the notice hereinbefore quoted, it states that Mrs. Bennett is canceling the contract; that under the contract the purchasers had 60 days to make full payment; that the balance due, including interest, was $1,712.22, and that interest would accumulate at the rate of 29 cents per day thereafter until paid; the notice is on the letterhead of the bank, the escrow agent, where all payments under the contract were to be made, and signed by the cashier of the bank.

In our opinion the notice is specific, issued pursuant to the contract and in accordance with the terms thereof.

It strains ones imagination to believe that anyone receiving a notice such as the purchasers did in this case would not be aware of the amount due on the contract, that such amount must be paid within 60 days to avoid forfeiture of the contract, and that it should be paid to the Citizens First National Bank of Wolf Point, Montana, the escrow agent.

The judgment is affirmed.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN CONWAY HARRISON concur.